# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann
ATTORNEY GENERAL



Hon. James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2519
Re: Validity of lease contract between Oklahoma Transportation Company and Dixie Motor Coach Corporation.

In your letter of July 3, 1940, you advise that the Oklahoma Transportation Company operates passenger buses from Oklahoma City to Ardmore, Oklahoma, and return, and that Dixie Motor Coach Corporation operates passenger buses from Dallas, Texas, to Ardmore, Oklahoma, and return. Both companies are operating under valid certificates of public convenience and necessity issued by the respective regulatory bodies of the states in which they operate as well as under certificates duly issued by the Interstate Commerce Commission. The two companies have a joint terminal in Ardmore, where they meet, exchange passengers, and then return over their respective routes. There are many passengers traveling these routes from Oklahoma City to Dallas and vice versa, and they desire through passage without having to go through the inconvenience of changing buses at Ardmore, Oklahoma. The contract in question is proposed in an effort to meet the desires of these passengers. Under its provisions when the Dixie Motor Coach Corporation bus arrives in Ardmore with passengers destined for points between Ardmore and Oklahoma City the Dixie bus is thereupon automatically leased to the Oklahoma Transportation Company and the bus continues on to Oklahoma City over the route served by Oklahoma Transportation Company. Likewise when the Oklahoma Transportation Company bus arrives in Ardmore with passengers destined for points between Ardmore and Dallas the Oklahoma Transportation Company bus is thereupon automatically leased to the Dixie Motor Coach Corporation and continues on to Dallas over the route served by Dixie Motor Coach Corporation. Each bus before commencing the journey over the route served by the other company will have the bus plates changed to correspond with the plates used by the company over these routes the bus is traveling, that is, the bus will carry the plates of the lessee company issued for such particular bus in accordance with law. Each bus will be insured against public liability by the lessee and the lessee company will furnish its own driver to operate the bus thus leased from the other company. The lessee company will

receive all the revenue from the bus thus leased from the
other company, each party must pay all of the operating ex-
pense for its own route, and each company while it is the
lessee of a bus assumes full responsibility for such bus and
its operation as provided by law.  Compensation to the lessor
for such buses will be at a stipulated rental charge per mile.
In case of accidents to a leased bus, if the repair will cost
more than twenty-five dollars it must be done by lessee, but
if the cost is less than twenty-five dollars the owner of the
bus meets the expense or makes the repair, it being the obli-
gation of the owner to keep the bus in good repair except as
to major accident.  Neither party surrenders any interest in
its own certificate nor acquires any interest in the certifi-
cate of the other.  So far as the submitted instrument shows
a complete lease is made and we must assume that such contract
is bona fide.

Article 911a, Vernon's Civil Statutes, regulates the
operation of motor buses in Texas.  Nothing therein attempts
to require a motor bus carrier to own all of the buses which
it may operate under its certificate.  Nothing prevents the
operation of a leased vehicle, nor is there any restriction as
to the nature or residence of the person, firm or corporation
from whom any such vehicle may be acquired or leased.  If the
lease contract in question represents the real agreement of
the parties and is carried out according to its terms and
spirit, it is not violative of the Texas Motor Bus Act.

Referring to your second question we would advise
that it is unnecessary for the Railroad Commission to take any
action approving or disapproving the contract and operations
thereunder.  However, the Railroad Commission should carefully
ascertain that the public liability insurance policies unques-
tionably and in plain language cover these vehicles.

APPROVED JUL 15, 1940   Yours very truly
/s/ Grover Sellers    ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT     By /s/ Glenn R. Lewis
ATTORNEY GENERAL    Glenn R. Lewis, Assistant

APPROVED: OPINION COMMITTEE
BY:  BWB, CHAIRMAN

GRL:AMM:wb